IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:23-CR-76-TAV-JEM |
| GABRIEL TODD PRATER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Prater's Unopposed Motion to Continue Motion Deadline, Plea Deadline and Trial Date [**Doc. 9**], filed on July 24, 2023.

In his motion, Defendant asks the Court to continue the August 29, 2023 trial date and accompanying deadlines at least ninety days. Defendant made his initial appearance on June 27, 2023. Defense counsel requests additional time to research and investigate matters so that he can determine whether pretrial motions should be filed; review the discovery, which is not voluminous but must be reviewed in person with Defendant who is detained in Laurel County, Kentucky; and review prospective sentencing guidelines with Defendant and the potential impact a conviction could have on his pending supervised release revocation. Counsel submits that the period of delay resulting from the granting of a continuance should be excluded under the Speedy Trial Act as the ends of justice are best served by allowing counsel additional time to effectively prepare this matter. Defendant understands that the period of time between the filing of the instant motion and a rescheduled trial date would be fully excludable for speedy trial purposes. Counsel for the Government does not oppose the requested continuance.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs additional time to investigate and research the matters involved in this case, review the discovery with Defendant, and determine the impact of any conviction on his pending supervised release revocation—tasks made more difficult by Defendant's pretrial detention in another state. All of this cannot be done by the August 29, 2023 trial date.

The Court therefore **GRANTS** Defendant's Unopposed Motion to Continue Motion Deadline, Plea Deadline and Trial Date [**Doc. 9**]. The trial of this case is reset to **December 12, 2023**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on July 24, 2023, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Unopposed Motion to Continue Motion Deadline, Plea Deadline and Trial Date [**Doc. 9**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **December 12, 2023, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **July 24, 2023**, and the new trial date of **December 12, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **August 28, 2023**, and responses to motions are due on or before **September 11, 2023**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 10, 2023**;

(6) the deadline for filing motions *in limine* is **November 27, 2023**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **November 28, 2023, at 10:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **December 1, 2023**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge